**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
LEANDER OUZTS,                        :
                                      :
         Plaintiff,                   :
                                      :
    v.                                :   Civil Action No. 03-1275 (JR)
                                      :
ALLAN HANTMAN, Architect of the       :
Capitol, et al.,                      :
                                      :
         Defendants.                  :
```

**MEMORANDUM**

Leander Ouzts is employed in the Office of the Architect of the Capitol. He sues under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the 1866 Civil Rights Act, 42 U.S.C. § 1981, alleging that he has suffered race-based employment discrimination and retaliation.

Mr. Ouzts should have filed under the Congressional Accountability Act, 2 U.S.C. § 1301, et seq., and should have sued the Office of the Architect of the Capitol, not the Architect personally. He seeks leave to correct these errors by amending his complaint, and his motion will be **granted**. The amendment does not, however, affect the outcome of the defendant's dispositive motion, which is before the court for decision. For the reasons discussed below, that motion will be **granted**.

Background

Plaintiff works in the electrical shop at the Library of Congress, where, for his entire fourteen year tenure, he has been the only African-American among approximately seventeen employees. Dkt. #19-2 at 2, ¶¶4-5. He began his employment with the Architect of the Capitol as a temporary laborer, GS-4. He was promoted to Electrical Helper, GS-5, Step 2 in March 1991, and to Electrical Helper, GS-8, Step 1, in November 1992. Dkt. #16-2 at 1, ¶1. He received step increases after that, but no further level promotions until January 2002. Dkt. #16-2 at 2, ¶4. Plaintiff alleges that the other men in the shop, including those with less training than he had, were promoted through the ranks more rapidly than he was. Other employees, he claims, were promoted from GS-8 to GS-10 in much shorter time periods than the almost ten years he spent as a GS-8. Dkt. #19-2 at 2-3, ¶¶6-10.

In April 2001, plaintiff approached his supervisor, Peter Henderson, about a promotion to GS-10. Mr. Henderson said he did not believe that plaintiff was ready for promotion, Dkt. #16-2 at 1, ¶2, and that it would be another three years before he was promoted. Dkt. #19-2 at 2, ¶7.[1] Plaintiff took his promotion request up the chain of command to Timmie McKimmie, Electrical Supervisor, who asked that he wait until he had grades from the electrical course in which he was then enrolled, and to

---

[1] These and other allegations are taken as true for purposes of this motion.

Victor Foote, Maintenance General Supervisor, who also asked to see the results of plaintiff's next performance evaluation. Plaintiff complied with both requests, whereupon Acting Superintendent Glenn Marshall was asked to submit the promotion request to the Human Resources Management Division ("HRMD") for processing and final approval. That was done on December 12, 2001, and plaintiff received his promotion to Electrician, GS-10, Step 4, effective January 27, 2002. Dkt. #16-2 at 2, ¶4.

Plaintiff alleges that he received the promotion over Mr. Henderson's strong objection, that the promotion was only to Step 4, when all the other men in the shop had been promoted to GS-10, Step 5, and that he was not given his Step 5 until he filed his charges of discrimination and this lawsuit, Dkt. #18 at 3, ¶10.[2]

Plaintiff also makes allegations of retaliatory acts that, he says, created a hostile work environment. Dkt. #16-2 at 6-7.

## Analysis

The government submits that plaintiff's claim of discrimination should be dismissed because he took his complaint to the Office of Compliance too late and that summary judgment should be granted with respect to his hostile work

---

[2] Plaintiff filed his complaint on June 12, 2003. He received his Step 5 on April 18, 2004. Dkt. #23-2 at 2.

environment/retaliation claim because he has failed to establish a prima facie case.

      1.   <u>Untimely resort to administrative remedies</u>.

Title IV of the CAA sets forth the procedures employees must follow when alleging violations of Title II of the CAA (which includes Title VII).  2 U.S.C. §§ 1401-1416.  An employee covered by the CAA may not file suit before submitting a request for counseling.  Id. at § 1408.  A person who believes that he has been the subject of discriminatory conduct must submit his request for counseling to the Office of Compliance withing 180 days of the alleged violation of the CAA.  Id. at § 1402.  This requirement is jurisdictional.  <u>Blackmon-Malloy v. U.S. Capitol Police Bd.</u>, 338 F.Supp.2d 97 (D.D.C. 2004); <u>Halcomb v. Office of the Senate Sergeant-at-Arms of U.S. Senate</u>, 209 F.Supp.2d 175 (D.D.C. 2002).

The first of plaintiff's claims is of a failure to promote him from GS-8 to GS-10 at the same rate as non-African Americans of similar or lesser skills and time-in-grade.  This claim may be meant to cover plaintiff's long years of non-promotion, or it may address his employer's grudging refusal to promote him all the way to GS-10, Step 5 when the promotion finally did come.  Either way, the violation of which plaintiff

complains happened no later than January 27, 2002, when he received his promotion to GS-10, Step 4.

He did not file his request for counseling until December 16, 2002, some 343 days after January 27. Because this court lacks jurisdiction to hear a claim that was not timely brought to the Office of Compliance, plaintiff's failure to promote claim must be dismissed.

    2.   <u>Prima facie case of retaliation/hostile work environment.</u>

Plaintiff's second claim, Dkt. #19-2 at 3, is of retaliation. The allegation is that plaintiff's supervisor

> took adverse employment action against him on a continuous basis which included continuous watching of the plaintiff, falsely accusing plaintiff of falsifying time sheets, suggesting that plaintiff transferred [sic] to another shop, and forming [sic] plaintiff that he was tired of him complaining concerning racial discrimination, treating plaintiff different with regard to the starting of his shift, requiring plaintiff to operate faulty unsafe electric and airlift equipment and creating a hostile work environment.

Defendant's statement of material facts asserts that plaintiff was never disciplined for time and attendance violations or for any other reason during the period covered by plaintiff's request for counseling, and that, after plaintiff and another employee complained about the safety of a lift (and before plaintiff initiated his request for counseling) a scaffolding was built to replace it. Dkt. #16-2 at ¶¶6-7. These assertions of fact are

not disputed by plaintiff and, by operation of Local Civil Rule 7(h), are deemed admitted. In his own statement of material facts, moreover, plaintiff's claims of retaliation and hostile work environment are not mentioned at all. Dkt. #18-2. The record before me therefore contains nothing but plaintiff's own deposition testimony, which (even if plaintiff's *ipse dixit* were enough to establish a genuine issue of material fact) establishes neither the adverse employment action necessary to a retaliation claim nor the "severe or pervasive" employment-altering behavior necessary to a hostile work environment claim.

Plaintiff has failed to establish an adverse employment action because he has not alleged, much less shown by affidavit or otherwise, that he was subjected to "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1999).

As for plaintiff's hostile work environment claim, there is nothing in this record that would permit evaluation of the frequency of the alleged conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; or whether it unreasonably interfered with an employee's work performance, Harris v. Forklift Sys., 510 U.S. 17, 23 (1993). Plaintiff neither alleges nor adduces evidence to

establish conduct so "extreme [as] to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). "[N]ot all abusive behavior, even when it is motivated by discriminatory animus, is actionable." Barbour v. Browner, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999)(internal citations omitted).

*   *   *   *   *

An appropriate order accompanies this memorandum.

JAMES ROBERTSON
United States District Judge